**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2901
_____

UNITED STATES OF AMERICA

v.

DAVID WEAVER,
Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 3:15-cr-00039)
District Judge: Honorable Matthew W. Brann
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
September 18, 2023
_____

BEFORE: RESTREPO, McKEE and RENDELL, *Circuit Judges*

(Filed: October 2, 2023)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

RESTREPO, *Circuit Judge*

David Weaver, a 49-year-old inmate serving a sentence with a projected release date in April 2024, appeals pro se from the District Court's order denying his second motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). The District Court found that Weaver presented no extraordinary circumstances for release and, even if he had, the 18 U.S.C. § 3553 sentencing factors weighed against granting him an early release. Because we conclude the Court's ruling did not constitute an abuse of discretion, we will affirm.

## I.     Facts and Procedural History

David Weaver and an accomplice committed a series of armed bank robberies. In 2016, Weaver pled guilty to four counts of armed bank robbery, 18 U.S.C. § 2113(d), and one count of Hobbs Act robbery, 18 U.S.C. § 1951(a). The District Court imposed a 121-month prison term, which is scheduled to end April 27, 2024.[1]

In October 2020, Weaver filed his first motion for compassionate release, alleging that his medical conditions posed a risk of harm if he contracted the COVID-19 virus. The District Court found that Weaver's hypertension presented an extraordinary circumstance for relief as required under § 3582(c)(1)(A)(i), but that the § 3553(a) sentencing factors weighed in favor of denying compassionate relief. Weaver did not appeal the denial of his motion.

Weaver filed his second motion for compassionate relief in August 2022. This time Weaver alleged that he had contracted COVID in January 2021 and was experiencing long-

---

[1] *See Find an Inmate*, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc// (last visited Sept. 14, 2023).

term symptoms. He also maintained that his other medical conditions were worsening, and that he was not receiving adequate medical care in prison. Weaver further asserted that he had already served almost all of his sentence. The District Court again denied relief, reasoning that Weaver, who has been fully vaccinated since February 2022, provided no extraordinary circumstances for release and, in any event, the § 3553(a) factors still weighed against his early release.

Weaver appealed pro se to this Court and filed two motions for the appointment of counsel, along with his informal brief in support of his appeal. Upon consideration of the standard for appointment of counsel set forth in *Tabron v. Grace*, 6 F.3d 147, 155-57 (3d Cir. 1993), this Court denied the motions for appointment of counsel. We therefore address the issues raised in Weaver's informal brief.

## II. Analysis

We have jurisdiction to review the denial of compassionate release under 28 U.S.C. § 1291. We review the District Court's order for an abuse of discretion, meaning "we will not disturb [its] decision unless there is a definite and firm conviction that [it] committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." *United States v. Pawlowski*, 967 F.3d 327, 330 (3d Cir. 2020) (second alteration in original) (internal quotation marks omitted).

The compassionate-release provision states that a district court "may reduce the term of imprisonment" and "impose a term of probation or supervised release" if it finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Before granting compassionate release, a district court must consider

3

"the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable." § 3582(c)(1)(A). Those factors include, *inter alia*, "the nature and circumstances of the offense and the history and characteristics of the defendant," § 3553(a)(1), and the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," § 3553(a)(2)(A).

We cannot find that the District Court abused its discretion in denying Weaver's motion. The Court determined Weaver's concerns over COVID-19 did not justify his release because he is now vaccinated, which it found provides "significant protection" against the virus causing either serious illness or death. *United States v. David Weaver*, Crim. A. No. 15-0039, Order (M.D. Pa. filed Sept. 27, 2022) (ECF 131) (citation omitted). On appeal, Weaver alleges the District Court erred by not considering that his conditions now include "long symptoms" from COVID, which he contracted in January 2021. Appellant Br. 2.[2] But the Court did not err in finding that the threat of COVID reaching and spreading among the inmate population again does not provide an extraordinary and compelling reason to grant compassionate release. *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release . . . .").[3]

---

[2] Weaver claims he filed a motion for compassionate release in part because he does not receive his seizure medications on time, but he does not state that such a claim is the basis of his appeal or that the District Court erred in assessing his access to medical treatment.

[3] FCC Oakdale complex, the prison complex where Weaver is incarcerated, reported that over 60% of the inmate population is fully inoculated and there are no open COVID

4

The District Court further concluded that, even if extraordinary and compelling reasons to grant compassionate release existed, such reasons would be outweighed by the relevant § 3553(a) sentencing factors. In so doing, the District Court referred to its order denying Weaver's first motion for compassionate relief, which noted that Weaver's crime of conviction consisted of committing "multiple armed robberies" where he "threatened individuals with a firearm." *United States v. David Weaver*, Crim. A. No. 15-0039, Order (M.D. Pa. filed Dec. 29, 2020) (ECF 119). The District Court also cited Weaver's lengthy criminal history and the fact that he was on probation when he committed the armed bank robberies. *Id.* Given these findings, the District Court's ruling that the § 3553(a) factors weighed against an early release did not constitute an abuse of discretion.

Finally, Weaver argues the District Court erred by failing to consider that he completed "90 percent" of his sentence. Appellant Br. 2. It is true that releasing Weaver now would not result in a substantial reduction of his sentence. But we cannot conclude that the District Court acted unreasonably in denying him compassionate release on this basis. The District Court weighed the § 3553(a) factors and ruled to uphold Weaver's current sentence. Such a finding did not constitute an abuse of discretion. *See United States v. Andrews*, 12 F.4th 255, 260-61 (3d Cir. 2021) ("The duration of a lawfully imposed sentence does not create an extraordinary or compelling circumstance.").

---

cases. *See Inmate Covid-19 Data*, Fed. Bureau of Prisons, https://www.bop.gov/about/statistics/statistics_inmate_covid19.jsp (last visited Sept. 13, 2023).

**III.    Conclusion**

For these reasons, we will affirm the denial of the motion for compassionate release.